FLORENCE JOHNSON WALLACE, petitioner-respondent,

*v.*

GEORGE E. WALLACE, defendant-appellant.

[Submitted October 29th, 1932.   Decided January 31st, 1933.]

*Messrs. Cole & Cole,* for the appellant.

*Mr. Joseph B. Perskie,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is the husband's appeal from a decree for divorce in favor of the wife on the ground of extreme cruelty.

The parties were married July 21st, 1917, in New York. On February 27th, 1918, they moved to Atlantic City in this state where they have lived continuously hitherto. On November 9th, 1930, the wife left her husband, because of her husband's extreme cruelty, as she alleged. The wife filed her petition for divorce on November 7th, 1931.

The husband-appellant contends that the wife's decree should be reversed because he says her petition was filed prematurely. He bases this contention upon the sole ground that the last act charged therein was on September 3d, 1931, and he invokes chapter 187 of *P. L. 1923 p. 494,* which provides, in cases of extreme cruelty, "that no petition for divorce shall be filed until after six months from the date of the last act of cruelty complained of."

The petition complained of numerous acts of extreme cruelty on specified dates from 1918 to November 9th, 1930, when they separated. The last act mentioned in the petition, stated to have occurred on September 3d, 1931, was a telephone conversation between the parties after they had separated, and was evidently not regarded by either party as an act of extreme cruelty, nor specifically charged as such. The petition averred that "more than six months have elapsed since the last act of extreme cruelty complained of" and that allegation was not denied by the husband in his answer. Moreover, at the hearing the wife gave notice to the husband of an application for an order striking from the petition all reference to the alleged act of cruelty under date of September 3d, 1931, and at the hearing on that application the advisory master, to whom the divorce proceeding had been referred, advised and the chancellor made an order that the petition be amended by striking out the alleged act of cruelty under date of September 3d, 1931, after finding and reciting in the

order, "that counsel for the petitioner, at the opening of his case stated that no proof would be adduced to substantiate this allegation and that it appeared that there was accordingly no proof or testimony presented by the petitioner in support of this allegation."

The husband, however, now contends that the chancellor had no power to make the amendment.

We think the chancellor had power to make the amendment in the circumstances.

Section 19 of the Divorce act (*Comp. Stat. p. 2034*) states: "No proceedings in any suit commenced under this act shall be set aside or otherwise annulled or made void for any defect in matter of form, or for any mistake or omission not affecting the real merits of the cause, and the chancellor may permit either party to amend his or her proceedings in the cause, either in matters of form or substance, and proceed to give judgment according to the merits of the case."

Here, certainly, in the circumstances, the amendment did not affect the real merits of the case.

In *McLaughlin* v. *McLaughlin, 90 N. J. Eq. 322,* in dealing with an application to amend a petition, the chancellor said that section 19 of the Divorce act was a "liberal provision" and granted the application.

Of course there can be no doubt that, under the statute, no petition for divorce, in cases of extreme cruelty, should be filed until after six months from the date of the last act of extreme cruelty *complained of.* In *Wilsdon* v. *Wilsdon, 4 N. J. Mis. R. 879,* Vice-Chancellor Backes dismissed the petition for that reason, but there he pointed out that the proofs "sustained the charges."

Here, it was said by the court below (and that statement is not challenged) that petitioner announced at the beginning of the trial that no proof would be offered to support the September 3d, 1931, incident and that none was in fact offered. Moreover, we think it cannot be said that the act of September 3d, 1931 (within the six months period), was an act of "extreme cruelty *complained of.*" We have pointed out

that the act was a mere telephone conversation between the parties after they had separated. The pleadings of the parties and their conduct at the trial, showed that neither party regarded that as an "act of extreme cruelty *complained of*," and in the petition it was not specifically described as such. It was obviously stricken out for prudential reasons. In these circumstances the decree of the wife should not be reversed upon the ground that the petition was prematurely filed.

The appellant (husband) further contends that the wife "failed to carry the burden of proof imposed upon her."

We think that contention is ill-founded in point of fact, as the advisory master found. The wife testified to numerous acts of extreme cruelty specifically charged in her petition, notably on specified dates in 1928, 1929, and on June 21st, and November 9th, 1930, consisting of gross physical abuse, some of which were not denied by the husband. Such testimony, when corroborated, as here, justifies a decree of divorce.

But the husband contends that these specified acts of extreme cruelty were not corroborated. It is a sufficient answer to such contention to say that most if not all of them were.

The rule is that where, as here, acts of extreme cruelty are corroborated, it may be assumed that petitioner's uncorroborated testimony of other acts, not corroborated, is true. *Feybusch* v. *Feybusch, 110 N. J. Eq. 358.*

Lastly the husband seems to contend that such acts of extreme cruelty were condoned by his alleged sexual intercourse with his wife subsequent to their separation in November, 1930.

To this it is sufficient to say that condonation was not pleaded, and the general rule is that in divorce, the defense of condonation is not available unless pleaded. *Delaney* v. *Delaney, 69 N. J. Eq. 602; Warner* v. *Warner, 31 N. J. Eq. 225.* If applied for, an amendment might, in a proper case, be allowed to set up the defense (*Warner* v. *Warner, supra*); but assuming this question to be in the case, the defendant has failed to establish this defense on the proofs. The wife

under oath denied the alleged sexual intercourse, the circumstances of the case render it improbable to say the least, and with the credibility of the husband impeached, as it seems to be, condonation cannot be considered to have been made out.

The decree below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 12.

*For reversal*—None.